# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20511
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

IN THE MATTER OF:  HERMAN E. HOFFMAN,

Debtor

HERMAN E. HOFFMAN,

Appellant

v.

LESLIE "BUDDY" MAYBIN; KELLY MAYBIN,

Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-786

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Debtor-Appellant Hoffman asks this court to reverse the judgment of the bankruptcy court that Creditor-Appellees, the Maybins, own five horses free and clear of Hoffman's claims.  In support of his position, Hoffman argues that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20511

the bankruptcy court erred by permitting the fraudulent transfer of the horses to the Maybins for less than reasonably equivalent value in violation of 11 U.S.C. § 548.  Hoffman raises two issues of fact and a mixed question of law and fact.  "In reviewing cases originating in bankruptcy, we perform the same function, as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed de novo."  *In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007) (internal quotation marks and citations omitted).  We review mixed questions of law and fact de novo, and the underlying facts in mixed questions are reviewed for clear error.  *See In re Green Hills Dev. Co.*, 741 F.3d 651, 654–55 (5th Cir. 2014).  We AFFIRM all issues on the following grounds.

First, the bankruptcy court did not commit clear error by finding that Hoffman owed a substantial debt to the Maybins.  Ample testimony established that Mr. Maybin performed uncompensated work for Hoffman from 2010 to 2014 and again in June of 2015.  Second, the bankruptcy court's finding that Hoffman transferred the horses to the Maybins in satisfaction of that debt is not clearly erroneous.  Late on the evening of June 23, 2015, Hoffman offered Mr. Maybin several horses if Mr. Maybin could pick them up that night.[1]  Mr. Maybin did so.  The men never discussed payment for the horses, and Mr. Maybin understood the horses to be payment for the work he had done over the last five years.[2]  The record reflects that trading horses for work is not

---

[1] This eleventh-hour offer came in the midst of a two-day inspection of Mr. Hoffman's ranch by the Montgomery County DA's office for animal cruelty and neglect.  The day after Mr. Maybin's midnight acquisition, Montgomery County seized the remainder of the Hoffmans' horses—over 200—and the Justice Court later awarded ownership of the horses to the Houston SPCA.  The horses Mr. Maybin received had been mistreated and malnourished, and a veterinarian testified that the horses held little value at the time the Maybins acquired them.

[2] Mr. Hoffman tendered a back-dated bill of sale to Mr. Maybin, but that document did not include a purchase price nor were any other transaction related documents executed.

2

No. 19-20511

uncommon. Finally, the bankruptcy court did not clearly err by finding that the transfer was not avoidable because the value of the horses was not substantially in excess of what the Maybins were owed. *See* 11 U.S.C. § 548. In the face of conflicting testimony, the bankruptcy court offered Mr. Hoffman a chance to prove the value of the horses. Because Mr. Hoffman failed to provide the requisite proof, the bankruptcy court correctly declared the Maybins to be the owners of the horses free and clear of Hoffman's claims.

**AFFIRM.**

---

Additionally, the bankruptcy court did not credit Mr. Hoffman's assertion that Mr. Maybin agreed to purchase the horses for $120,000 given that Mr. Maybin was unemployed at the time of transfer and the horses' condition was extremely poor.